AO 91 (Rev. 11/11) Criminal Complaint            SAUSA Charles DeCesaris (312) 886-0973

FILED
3/18/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NUMBER: 25 CR 150 |
| v. | |
| LUIS ALEJANDRO FRANCO RODRIGUEZ | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about March 18, 2025, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326 | reentry of removed alien, by being present and found in the United States after having been previously removed |

This criminal complaint is based upon these facts:

  X   Continued on the attached sheet.

*Olivia Rivera*
OLIVIA RIVERA
Special Agent, Homeland Security Investigations (HSI)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: March 18, 2025

*Judge's signature*

City and state: Chicago, Illinois

YOUNG B. KIM, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## AFFIDAVIT

I, OLIVIA RIVERA, being duly sworn, state as follows:

1. I am a Special Agent with the Homeland Security Investigations (HSI), and have been so employed since approximately June of 2018. As part of my duties as Homeland Security Investigations Special Agent, I investigate criminal violations relating to narcotics trafficking, money laundering, immigration, and other financial offenses. I have received training concerning immigration-related laws, policies, and procedures, including those related to the reentry of previously removed aliens.

2. This affidavit is submitted in support of a criminal complaint alleging that LUIS ALEJANDRO FRANCO RODRIGUEZ has violated Title 8, United States Code, Section 1326. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging FRANCO RODRIGUEZ with illegal reentry, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

3. This affidavit is based on my personal knowledge, information provided to me by other law enforcement agents and by other persons identified in this affidavit; and my review of records maintained by HSI, other components of the Department of Homeland Security ("DHS"), and other government agencies.

4. According to DHS records, FRANCO RODRIGUEZ is a native and citizen of Mexico and has no claim to United States citizenship or lawful residence. DHS records reflect that defendant was born in Mexico in 1995 and entered the United States on or about an unknown date at or near an unknown location without being inspected, admitted, or paroled by United States immigration authorities.

5. Records maintained by DHS reflect that on or about August 2, 2017, FRANCO RODRIGUEZ was removed to Mexico from the United States for a period of 20 years. Additionally, DHS records reflect that defendant has not applied for or received permission to reenter the United States.

6. On or about March 17, 2025, in Chicago, Illinois, HSI effectuated an investigative traffic stop on a vehicle driven by FRANCO RODRIGUEZ based on failure to signal. During the stop, FRANCO RODRIGUEZ provided HSI with verbal consent to search the vehicle. In addition to the search, HSI deployed a K9 to conduct a "sniff" of the perimeter of the vehicle. The K9 provided a positive alert to the smell of narcotics. HSI conducted a search of the vehicle and located a white garbage bag containing a white box placed on the floorboard behind the driver's seat. The box contained a large sum of bulk U.S. currency, as depicted below.

  

7. FRANCO RODRIGUEZ was subsequently transported to the HSI Special Agent in Charge Office, Chicago, where he was processed and fingerprinted. HSI law enforcement officials electronically uploaded FRANCO RODRIGUEZ's fingerprints into the Federal Bureau of Investigation's Integrated Automated Fingerprint Identification System ("IAFIS"). The fingerprints were then electronically uploaded and compared in the DHS Automated Biometric Identification System (IDENT). The IDENT system revealed that FRANCO RODRIGUEZ is the same person who was removed from the United States to Mexico on or about August 2, 2017.

8. Based on the foregoing, I respectfully submit that there is probable cause to believe that FRANCO RODRIGUEZ, being an alien who previously was deported from the United States on August 2, 2017, was present and found in the United States without previously having obtained the express consent of the Secretary of the Department of Homeland Security, for reapplication by defendant for admission into the United States, in violation of Title 8, United States Code, 1326(a), and Title 6, United States Code, Section 202(4).

FURTHER AFFIANT SAYETH NOT.

*Olivia Rivera*
OLIVIA RIVERA
Special Agent
Homeland Security Investigations

SWORN TO AND AFFIRMED by telephone March 18, 2025.

Honorable YOUNG B. KIM
United States Magistrate Judge

3